**Philip F. COLUCCI, Plaintiff-Appellant,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

No. 13920.

United States Court of Appeals
Sixth Circuit.

June 30, 1960.

Jack G. Day, Cleveland, Ohio, for appellant.

John F. Dolan, Cleveland, Ohio (Joseph T. Ryan, Cleveland, Ohio, on the brief), for appellee.

Before McALLISTER, Chief Judge, THORNTON and KENT, District Judges.

THORNTON, District Judge.

This is an appeal from the verdict of a jury in an F. E. L. A. case. The plaintiff-appellant took nothing below and assigned error in the charge of the trial court in several respects, and error in the submission of certain interrogatories.

It seems to us that the underlying dissatisfaction of plaintiff with the outcome of the litigation may be analyzed from 2 aspects. These two parts relate to the defense relied upon by defendant. Defendant relied strongly on the defense of its own freedom from negligence. As we understand F. E. L. A. cases it is a prerequisite to recovery by a plaintiff

that the jury find the existence of some negligence on a defendant's part—negligence that proximately contributed to the occurrence which caused the injury complained of.

Defendant also relied on a second defense which, if proven to the satisfaction of the jury, would be a bar to the maintenance of this action against it by plaintiff. This was based on alleged misrepresentation made by plaintiff to defendant at the time of employment. Defendant contended that had plaintiff represented the true facts defendant would not have employed plaintiff, that the true facts concerned pre-existing injuries, and that these directly contributed to cause the injuries complained of herein. The interrogatories submitted to the jury in relation to this second defense were answered in part but were not answered with respect to one necessary element. Therefore, the second defense, that of fraud in bar of the action, must be considered as eliminated from the case. We do not conceive that this is of any import other than favorable to plaintiff-appellant. The jury did not base its decision for defendant on this theory. This is obvious from the answers to interrogatories numbered 5 through 8. They did not need to resolve the question posed by interrogatory No. 8 in view of their answers to the interrogatories directed to the first defense raised by defendant.

The first defense raised by defendant was its freedom from negligence. The answers to the interrogatories submitted to the jury in relation to this are clear and unequivocal. They demonstrate that the jury found the defendant to be free of negligence that contributed to plaintiff's injuries. We are unable to find any error in the submission of the interrogatories and are equally unable to find that there is any inconsistency between the answers thereto and the verdict.

As to the charge given by District Judge McNamee, we are impressed with its fairness, simplicity and clarity. We find no error in the charge as given.

We are also of the opinion that the charge provides an excellent framework for the interrogatories as they were submitted. The judgment of the District Court is affirmed.